[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is an action brought by the plaintiff APCOA, Inc. against the City of New Haven, Elizabeth Sassano, its Purchasing Agent, and R. G. Parking, L.L.C. challenging the City's award of a competitive bidding contract for the operation and management of the parking facilities for Tweed New Haven Airport to R. G. Parking, L.L.C. On August 28, 1994, the City, through its purchasing agent, published an invitation for bids, [hereinafter, IFB], seeking proposals for the operation and management of the airport. The IFB was published pursuant to § 73 of the City's Charter which requires the City to award contracts to the "lowest responsible bidder." Section 2.153 of the City Charter provides a preference in determining bid awards to "city-based businesses." On October 17, 1974, the defendant R. CT Page 3076 G. Parking, L.L.C. submitted the low bid of 36.56 percent of the gross revenues from the parking operation. The plaintiff APCOA, Inc. submitted a bid of 38.2 percent and claimed its bid to be entitled to the "city-based business" preference. On October 20, 1994, APCOA advised the City that if the City determined that the R. G. bid was a responsible low bidder, APCOA would exercise its option as a "city-based business" to accept the award of the contract at the price bid by R. G.
Subsequent to October 17, 1994, Ms. Sassano concluded that R. G. was a responsible bidder within the meaning of the invitation for bid and that APCOA was not "a city-based business" within the meaning of the city ordinance. On December 8, 1994, the City awarded the contract to R. G. On February 6, 1995, APCOA filed this action seeking an injunction restraining the City from awarding the contract to R. G. In its complaint APCOA alleged that the City erred in concluding that R. G. was a responsible bidder and in concluding that APCOA was not a "city-based business." The hearing on APCOA's Motion for Temporary Injunction was held on February 27 and 28, 1995. Following the conclusion of that hearing, all parties stipulated that the hearing would serve as a full hearing on all of the issues raised by the complaint.
STANDING
The defendants in the case questioned the standing of the plaintiff APCOA to bring the instant action. In Connecticut an unsuccessful bidder ordinarily has no standing to challenge the award of a public contract unless he demonstrates either fraud, corruption, or favoritism or that the very object and integrity of the competitive bidding process has been defeated by the conduct of the public officials.
The parties essentially agreed that the standing issue is controlled by a trilogy of Connecticut cases. Those cases areSpiniello Construction Company v. Manchester, 189 Conn. 539 (1983);Ardmare Construction Company v. Freedman, 191 Conn. 497 (1983); andUnisys Corporation v. Department of Labor, 220 Conn. 689 (1991).
While only Spiniello concerned a municipal contract, the three cases taken together are generally conceded to set the parameters for the standing of an unsuccessful bidder to challenge the award of a public contract.
The right to challenge is perhaps most clearly set forth in CT Page 3077Ardmare when the court held:
 ". . . an unsuccessful bidder has no standing to challenge the award of a public contract . . . [except] where fraud, corruption or favoritism has influenced the conduct of the bidding officials or when the very object of and integrity of the competitive bidding process is defeated by the conduct of municipal officials. (Citations and internal quotation marks omitted). Ardmare at 501.
In the instant case there is no allegation of fraud or corruption. There is no true allegation of "favoritism". To some extent the plaintiff does claim favoritism. The plaintiff argues that since the contract was not awarded in accordance with what the plaintiff views as proper procedures, there must have been favoritism. There is no serious claim that any of the city officials involved deliberately favored a particular bidder motivated by unworthy motives.
The real issue is whether the allegations before the court amount to a situation where "the very object of and integrity of the competitive bidding process is defeated by the conduct of municipal officials."
It is perhaps useful to note that standing was found, or at least the possibility of finding standing on remand, in Unisys and that standing was found in Spiniello. No standing was found inArdmare.
In Unisys the invitation to bid contained a contract specification which effectively limited the bidding to a sole source. The specification was drawn with reference to IBM products in such a way that no other bidder could reasonably bid on the contract. The plaintiff Unisys argued that it made comparable products and that it was unfairly excluded from the bidding process by reason of the manner in which the specification was drawn. The Supreme Court remanded the case saying that if Unisys could show that it would have bid on a fair specification and could have provided comparable products, it had standing to challenge the bidding process.
Spiniello likewise concerned an argument about the sufficiency of the specification. In Spiniello, the City of Manchester CT Page 3078 accepted a combined and conditional bid from a particular bidder even though such a combined and conditional bid was not provided for in the invitation to bid. The successful bidder had orally inquired about the bid but Manchester had never informed other bidders of the possibility of a conditional bid. Since the information available to the successful bidder was different from the information available to all other bidders, the court found standing in an unsuccessful bidder.
In Ardmare no standing was found. In that case the apparent low bidder used a facsimile signature on its bid rather than an original signature. The state rejected the low bid because it did not contain an original signature and awarded the contract to the second low bidder. The low bidder, Ardmare Construction, claimed that it had the right to challenge the award to the second low bidder. The court concluded that this defect did not effect the integrity of the bidding process. All bidders knew that it was the policy of the state procuring agency to require original signatures and consequently Ardmare Construction had no standing.
The dispute in the instant case centers on two provisions contained in the invitation to bid. The invitation to bid provided:
 "Bidders must currently be operating and managing public parking facilities at other locations, and shall have been operating and managing public parking facilities of a like nature for the last consecutive three years in order to be considered a responsible bidder by the City of New Haven."
The invitation to bid also contained the following language:
 "2. Insert the following: b. The City of New Haven's policy on city-based businesses dated 9/21/94."
The City of New Haven's policy on city-based businesses was designed to give a preference in city procurement to "city-based businesses." The argument in the present case does not concern the mechanics of the preference but rather the question of whether or not APCOA, Inc. was a "city-based business." The policy establishing the preference provides: CT Page 3079
 "For the purpose of this section, `city-based business' shall mean a business with a principal place of business located within the City of New Haven. A business shall not be considered a `city-based business' unless evidence satisfactory to the purchasing agent has been submitted with each bid submitted by said business to establish that said business has a bona fide principal place of business in New Haven. Such evidence may include evidence of ownership of, or long term lease of, the real estate from which a principal place of business is operated, or payment of property taxes on the personal property of the business."
The purchasing agent, Ms. Sassano, concluded that APCOA was not a city-based business. The court agrees with Ms. Sassano's conclusion, although it is not clear that her conclusion is even subject to review. Nevertheless, the court finds the following facts from the record in this matter. Evidence submitted at the trial shows that APCOA had been operating and managing the airport parking facility at Tweed Airport since the fall of 1992 under a one year contract with the City of New Haven and thereafter on a month to month basis. APCOA had an address for a place of business at Tweed New Haven Airport and indicated such in its bid. In addition, the testimony showed that APCOA leased space at two different locations since their operation of the business started at Tweed and that they had lease agreements for two vehicles in the City of New Haven. Part of the expense of operating those vehicles was the payment of personal property taxes through the leasing company. It was also clear that APCOA was a corporation incorporated under the laws of the State of Delaware and that it operated and managed numerous airport facilities throughout the northeast all of which, including Tweed, were overseen by a regional office that was operated from Fairfax, Virginia.
In short, the only connection between APCOA, Inc. and the City of New Haven were connections that were necessitated by its performance of the subject contract. There was no indication that APCOA did any business in New Haven other than operate the contract which they presently hold and upon which they were bidding. Under these circumstances the court is constrained to give due deference to the purchasing agent's determination. The court holds that APCOA, Inc. was not a "city-based business" in the City of New CT Page 3080 Haven.
In view of the court's holding that APCOA is not city-based the court need not reach the issue of whether or not APCOA had standing to raise the city-based claim in this action. The court notes that the claim of a city-based preference does not affect all bidders generally and may be closer to the signature problem inArdmare then it is to the policy considerations which gave standing in Unisys and Spiniello. Accordingly, the court specifically declines to decide whether or not APCOA, Inc. had standing to raise its claim of city-based business. In view of the court's finding that APCOA is not city-based, there is no need to address the standing question further.
BIDDER QUALIFICATIONS
All parties concede that the specifications for the invitation to bid contained the following language:
 "Bidders must currently be operating and managing public parking facilities at other locations and shall have been operating and managing public parking facilities of a like nature for the last consecutive three years in order to be considered a responsible bidder by the City of New Haven."
In this case APCOA claims that R. G. Parking, L.L.C. was note the "lowest responsible bidder". The bid specifications required that the bidder have three years consecutive experience. R. G. Parking, L.L.C., a limited liability corporation incorporated under the laws of the State of Connecticut, was the bidder that responded to the defendant City's invitation to bid. The evidence at trial was that R. G. Parking, L.L.C. became incorporated as a limited liability corporation in May of 1993. It was a successor to R. 
G. Parking, Inc. which was incorporated on January 29, 1992. Prior to that time the principals in the present corporation, Curtis Robinson and J. Scott Guilmartin had had extensive background in parking facilities. The court is willing to leave undisturbed Ms. Sassano's conclusion that the experience of the principals was sufficiently lengthy and concerned like facilities. The court is prepared to examine Ms. Sassano's conclusion that the bidder had three years experience. Sassano testified that in her opinion the corporations involved had two years and seven months of experience but that that came within the "spirit" of the competitive bidding CT Page 3081 procedures and therefore she awarded the contract to R. G. Parking, L.L.C. She further testified that she took into consideration the experience and qualifications of the officers and principals of R. G. Parking, L.L.C. in order to satisfy the three year experience requirement.
The court notes that the specification in this case was drawn by Bruce Lawson, the airport manager. Mr. Lawson wrote a memorandum dated November 17, 1994 to Liz Sassano the Purchasing Agent for the City. That memorandum dealt with R. G. Parking's references. The final paragraph of that memorandum read as follows:
 "It does not appear that R. G. Parking, L.L.C. meets the intent of the minimum specification. Unless new substantiating information is submitted by R. G. Parking it is suggested that the City either award to the second low bidder or reject all the bids and re-bid the operation and management of public parking facilities." (Plaintiff's Exhibit O).
While it may be arguable that some additional information on the principals was received after Mr. Lawson's memorandum of November 17, 1994, nothing was added concerning the experience of the bidder R. G. Parking L.L.C. after that point.
The court cannot escape the conclusion that Ms. Sassano awarded the contract either in the belief that two years and seven months experience was sufficient or in the belief that the experience of the principals of the corporation could be included to satisfy the specification.
It is the holding of the court that either belief would defeat the very object and integrity of the competitive bidding process. The problem presented is not unlike that faced by the court inSpiniello. In Spiniello, the City of Manchester attempted to accept an conditional bid. The bidder had inquired about the combined conditional bid but no other bidders were informed of what amounted to an oral change in the specifications. So in the instant case, the court does not question that the specification could have provided that the bidder and its principals must have certain experience. The court does not question that if R. G. Parking L.L.C. had inquired concerning the specification, the specification could have been amended, and the amendment CT Page 3082 communicated to all bidders, to allow for the experience of principals. It is a consistent policy of advertised procurement that all bidders must be bidding on the same specification. Just as the court in Unisys was concerned about what bids would have been accepted if the sole source specification had not been used, and the court in Spiniello was concerned about what bids would have been submitted if combined bids were available to all bidders, so this court is concerned about what bids might have been submitted if the specification had indicated that the bidder could include the experience of principals, officers, and perhaps employees in determining compliance with the bid specification.
In accordance with the agreement of the parties to treat this hearing as dispositive of all issues between the parties the court makes the following orders:
 1. The defendants, City of New Haven and Elizabeth Sassano, are permanently enjoined from proceeding with this contract and award for the operation and management of Tweed New Haven Airport parking lot to R. G. Parking, L.L.C.
 2. Because the court finds that the defendant City reserved the right to reject all bids, the court denies any injunction requiring award to any particular bidder and leaves the City to its procurement practices including, in its discretion, rebidding.
 3. The Court finds the plaintiff APCOA, Inc. has proven no cause of action for compensatory damages.
Kevin E. Booth, Judge